| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of New York ▼ |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**  Fleming International Reinsurance Ltd.

**2. Debtor's unique identifier**

For non-individual debtors:
☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __
☑ Other 41041. Describe identifier Registration number.

For individual debtors:
☐ Social Security number: xxx – xx – ____ ____ ____ ____
☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ____ ____ ____ ____
☐ Other _____. Describe identifier _____.

**3. Name of foreign representative(s)**  Simon Appell and Daniel Imison of AlixPartners UK LLP; Mathew Clingerman of Kroll Bermuda Limited

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**  Supreme Court of Bermuda Companies (Winding up) Commercial Court 2025: No. 270

**5. Nature of the foreign proceeding**

*Check one:*
☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**
☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.
☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.
☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
_____
_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**
☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

Debtor    Fleming International Reinsurance Ltd.                    Case number (*if known*)_____
          Name

**8. Others entitled to notice**    Attach a list containing the names and addresses of:

(i)  all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

_____

**Debtor's registered office:**

Clarendon House
Number     Street

2 Church Street
P.O. Box

Hamilton Pembroke      HM      11
City     State/Province/Region     ZIP/Postal Code

Bermuda
Country

**Individual debtor's habitual residence:**

_____
Number     Street

_____
P.O. Box

_____
City     State/Province/Region     ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

See Annex A
Number     Street

_____
P.O. Box

_____
City     State/Province/Region     ZIP/Postal Code

_____
Country

**10. Debtor's website** (URL)    _____

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☐ Other. Specify: _____

☐ Individual

Debtor    Fleming International Reinsurance Ltd.    Case number (*if known*)_____
        Name

**12. Why is venue proper in *this district*?**

*Check one:*

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✘ /S/ *Simon Appell*    Simon Appell
Signature of foreign representative    Printed name

Executed on    10/26/2025
               MM / DD / YYYY

✘ /S/ *Daniel Imison*    Daniel Imison
Signature of foreign representative    Printed name

Executed on    10/26/2025
               MM / DD / YYYY

**14. Signature of attorney**

✘ _____    Date _____
Signature of Attorney for foreign representative    MM / DD / YYYY

_____
Printed name
_____
Firm name
_____
Number    Street
_____    _____
City    State    ZIP Code

_____    _____
Contact phone    Email address

_____    _____
Bar number    State

Debtor    Fleming International Reinsurance Ltd._____    Case number (*if known*)_____
       Name

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ *Mathew Clingerman*_____    Mathew Clingerman_____
   Signature of foreign representative       Printed name

Executed on    10/26/2025____
           MM  / DD /  YYYY

✖ _____    _____
   Signature of foreign representative       Printed name

Executed on    _____
           MM  / DD /  YYYY

**14. Signature of attorney**

✖ /s/ *Robert D. Drain*_____    Date    10/26/2025____
   Signature of Attorney for foreign representative       MM  / DD /  YYYY

Robert D. Drain_____
Printed name
Skadden, Arps, Slate, Meagher & Flom LLP_____
Firm name
One Manhattan West_____
Number    Street
New York_____    NY_____    10001_____
City                           State       ZIP Code

(212) 735-3000_____    robert.drain@skadden.com____
Contact phone                       Email address

1990324_____    NY_____
Bar number                           State

# ANNEX A
**Address of Foreign Representatives**

Simon Appell
Alix Partners UK LLP
6 New Street Square
London, EC4A 3BF
United Kingdom


Daniel Imison
Alix Partners UK LLP
6 New Street Square
London, EC4A 3BF
United Kingdom


Mathew Clingerman
Kroll Bermuda Limited
58 Par-La-Ville Road
Hamilton, HM11
Bermuda

# EXHIBIT A

**Statement Pursuant to Bankruptcy Rule 1007(a)(4)**

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Robert D. Drain<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3000<br>Fax: (212) 735-2000 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM (UK) LLP<br>Peter Newman<br>Nicole Stephansen<br>22 Bishopsgate<br>London EC2N 4BQ<br>Telephone: +44 20 7519 7000<br>Fax: +44 20 7519 7070 |

– and –

Justin M. Winerman (*pro hac vice* admission pending)
320 S. Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*<br><br>FLEMING INTERNATIONAL REINSURANCE LTD.,<br><br>Debtor in Foreign Proceeding.[1] | Chapter 15<br><br>Case No. 25-[•] ([•]) |

## STATEMENT PURSUANT TO BANKRUPTCY RULE 1007(a)(4)

1.  Simon Appell and Daniel Imison of AlixPartners UK LLP and Mathew Clingerman of Kroll Bermuda Limited, in their capacities as the joint provisional liquidators and authorized foreign representatives (in such capacities, the "**JPLs**" or the "**Foreign Representatives**") of the above-captioned foreign debtor (the "**Debtor**"), respectfully submit

---

[1] The Debtor is a Bermuda company registered with the Registrar of Companies in Bermuda. The Debtor's registration number is 41041. The Debtor has its registered office located at Clarendon House, 2 Church Street, Hamilton, HM11, Bermuda.

this statement pursuant to rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), filed at the JPLs' request by and through the Debtor's undersigned counsel, and represent as follows:

## I. Corporate Ownership Statement

2. In compliance with the requirements of Bankruptcy Rules 1007(a)(4)(A) and 7007.1, attached hereto as **Schedule 1** is an organizational chart reflecting the corporate structure of the Debtor.

3. Furthermore, to the best of the Foreign Representatives' knowledge, information, and belief, the following is the corporate ownership statement of the Debtor, identifying any corporation, other than a government unit, that directly or indirectly owns 10% or more of any class of the Debtor's equity interests or states that there are no entities to report:

4. The Debtor is the wholly owned subsidiary of Jaguar Holdings LLC ("**Jaguar**"), a limited liability company registered in Bermuda.

5. Jaguar is the wholly owned subsidiary of Fleming Intermediate Holdings LLC ("**FIH**"), which is a limited liability company ("**LLC**") registered in the Cayman Islands.

6. FIH is the wholly owned subsidiary of Fleming Reinsurance Holdings LLC, a Cayman entity ("**FRH**"), which in turn is the wholly owned subsidiary of ACP Risk Solutions LLC (formerly known as Fleming Holdings LLC) ("**ACPRS**"), a Cayman entity which is part of the Altamont Capital Partners group ("**ACP**").

7. Fleming Holdings (Blocker) LLC ("**Blocker**"), a Delaware limited liability company, is the wholly owned subsidiary of FRH. Blocker owns Fleming Reinsurance Ltd., which is a Bermuda segregated accounts company organised under and pursuant to the Segregated Accounts Companies Act 2000 ("**Fleming Re**").

**II.   List of Names and Addresses of All Persons or Bodies Authorized to Administer Foreign Proceeding of the Debtor**

8.   In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), the following is a list of the names and addresses of all persons or bodies authorized to administer the foreign proceeding of the Debtor:

> Simon Appell and Daniel Imison
> Alix Partners UK LLP
> 6 New Street Square
> London, EC4A 3BF
> United Kingdom
>
> and
>
> Mathew Clingerman
> Kroll Bermuda Limited
> 58 Par-La-Ville Road
> Hamilton, HM11
> Bermuda

**III.   Litigation Parties in the United States**

9.   In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), as of the date hereof (the "**Petition Date**"), the Debtor is not a party to any litigation in the United States.

**IV.   Entities Against Whom Relief Is Being Sought Under Section 1519 of the Bankruptcy Code**

10.   In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), as of the Petition Date, the Debtor is seeking relief under section 1519 of title 11 of the United States Code (the "**Bankruptcy Code**") against the Ceding Insurers.[2]

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representatives, and (III) Certain Related Relief*.

3

**V.     Statement Identifying All Foreign Proceedings with Respect to the Debtor that are Known to the Foreign Representatives**

11.     In compliance with Bankruptcy Code section 1515(c), as of the Petition Date, the Debtor is not involved in any foreign proceedings other than the Bermuda Proceeding.

Dated: October 26, 2025
      New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Robert D. Drain*
Robert D. Drain
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Justin M. Winerman (*pro hac vice* admission pending)
320 S. Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0700
Fax: (312) 407-0411

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM (UK) LLP
Peter Newman
Nicole Stephansen
22 Bishopsgate
London EC2N 4BQ
Telephone: +44 20 7519 7000
Fax: +44 20 7519 7070

*Counsel to the Debtor*

4

# SCHEDULE 1

**Corporate Organizational Chart for the Debtor and Certain Non-Debtors**

**EXHIBIT B**

**Evidence of Foreign Proceeding**

IN THE SUPREME COURT OF BERMUDA

(COMMERCIAL COURT)

COMPANIES (WINDING UP)

2025: No. 270

IN THE MATTER OF FLEMING INTERNATIONAL REINSURANCE LTD.

AND IN THE MATTER OF THE COMPANIES ACT 1981

AND IN THE MATTER OF THE INSURANCE ACT 1978

---

ORDER

---

**UPON HEARING COUNSEL** for Fleming International Reinsurance Ltd. (the "**Company**")

**AND UPON READING** the Petition filed herein, the summons for the appointment of joint provisional liquidators and the Affidavit of Eric Haller and Exhibit EH-1 sworn 20 October 2025

**IT IS HEREBY ORDERED** as follows:

1.  That Simon Appell and Daniel Imison, AlixPartners UK LLP ("**AlixPartners**") and Mathew Clingerman of Kroll Bermuda Limited ("**Kroll**") are hereby appointed joint provisional liquidators ("**JPLs**") of the Company (for restructuring purposes only) with the following powers:

    (a) to review the financial position of the Company;

    (b) to monitor the continuation of the business of the Company by the existing board of directors of the Company (the "**Board**");

    (c) to consult with the creditors and policyholders of the Company in determining the most appropriate manner to preserve and/or realise value for the benefit of the creditors and policyholders including exploring and developing potential restructuring proposals and / or assessing the feasibility of the same;

(d) to be given advance notice as soon as practicably possible of meetings between the Company and the Bermuda Monetary Authority and to attend such meetings if so advised;

(e) after consultation with the Board, to take such steps as the JPLs deem appropriate to sell, transfer, dispose, or otherwise restructure the Company's assets including the implementation of any restructuring proposal;

(f) to take such steps as the JPLs deem appropriate with respect to any settlements, compromises or arrangements (including seeking such sanction as the JPLs may consider necessary or appropriate, or both, in the circumstances);

(g) to sign off on or execute agreements (including any documents to facilitate the sale, transfer, or disposition of some or all of the Company's assets or the implementation of any restructuring proposal), pleadings, or any other document on behalf of the Company (with such court sanction as the JPLs may consider necessary or appropriate, or both, in the circumstances);

(h) if deemed necessary or appropriate, or both, by the JPLs, to apply to any foreign court (wherever situated) for recognition of their appointment or in connection with any other proceedings to take advantage of any insolvency or bankruptcy protection that such foreign law, procedures, or proceedings may provide to the Company. The JPLs shall be the Company's authorised foreign representative for the purpose of the UNCITRAL Model Law and Chapter 15, Title 11 of the United States Code;

(i) to seek recognition of the provisional liquidation or the appointment of the JPLs, or both, in any jurisdiction the JPLs consider necessary or appropriate, or both, together which such other relief the JPLs may consider necessary or appropriate, or both, for the proper exercise of their functions within those jurisdictions and to make applications to the court(s) of such jurisdiction for that purpose;

(j) the JPLs shall be entitled to receive advance materials, receive advance notice of, and, at the expense of the Company, attend all Board meetings and such meetings of management as the JPLs request and shall be consulted prior to:

  (i) the sale, transfer, or other disposition of any business, operation, subsidiary, division or other significant asset of the Company;

  (ii) any material payment or disposition of the Company's property whether held directly or indirectly;

  (iii) the determination of the terms of any new investment in the Company;

  (iv) the incurrence of indebtedness or borrowing of money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions, and the granting of security in respect of the same, and the guaranteeing of such indebtedness or borrowings of affiliates; or

  (v) the Board seeking leave to continue or take any steps in any proceedings to which the Company is a party.

(k) to provide a written report to this Court from time to time as the JPLs deem necessary or appropriate, or both, and as this Court may otherwise request;

(l) at the expense of the Company, to retain and employ barristers, attorneys, and solicitors, and such other agents or professional persons as the JPLs deem fit, in Bermuda and elsewhere as the JPLs deem appropriate for the purpose of advising on and assisting in the execution of their powers;

(m) to render and pay invoices out of the assets of the Company for the JPLs' own remuneration at their usual and customary rates (and this shall include all costs, charges, and expenses of their counsel, attorneys, and all other agents, managers, accountants and other persons that the JPLs may employ) and pay such invoices out of any retention fund created for that purpose;

(n) if deemed necessary, and in the interests of the Company's creditors or policyholders, or both, to seek the assistance of any other courts as may be considered appropriate;

(o) to set up, maintain, and control bank accounts (whether jointly with the Company or otherwise) at any bank or financial institutions situated in Bermuda or elsewhere as necessary or appropriate, or both, in their own names or in the name of the Company, and accept deposits into and pay monies into such accounts for the

       purpose of meeting the payment of the fees and expenses of the JPLs, including all costs, charges, and expenses of their counsel, attorneys, and all other agents, managers, accountants and other persons that the JPLs may employ, in each case, subject to the appropriate procedures being agreed with the Company (acting reasonably) as to how fees shall be determined; and

    (p)    to do all things incidental to the exercise of the foregoing powers.

2.    Payments in the ordinary course of business and payments to professional advisors of the Company and the JPLs, including but not limited to Skadden, Arps, Slate, Meagher & Flom (UK) LLP, Walkers (Bermuda) Limited, and any related fees, disbursements and other charges of other counsel, including local and leading counsel, consultants, accountants, and service companies, shall not be avoided by virtue of section 166 of the Companies Act 1981. No other payments or dispositions of the Company's property shall be made or effected without the direct or indirect approval of the JPLs but no such payment or other disposition made or effected by or with the authority or approval of the JPLs in carrying out their duties and functions and in the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 166 of the Companies Act 1981.

3.    In the event that a winding-up order is made against the Company, any fees and expenses of the JPLs, including all costs, charges and expenses of their leading counsel and attorneys and all other agents, managers, accountants, and other persons the JPLs may employ, which are payable in accordance with the terms of the orders which may be made by this Court, and which are outstanding at the date of the winding-up order, shall be treated as fees and expenses properly incurred in preserving, realising or getting in the assets of the Company for the purposes of Rule 140 of the Companies (Winding-Up) Rules 1982.

4.    Unless and until the Court so orders, there shall be no obligation to file a statement of affairs of the Company

5.    Save as are specifically set out herein:

    (a)    the JPLs shall have no general or additional powers or duties with respect to the day to day running of the Company;

(b) prior to any winding-up order being made, the JPLs shall have no duties with respect to the books and records of the Company, although they may receive from the Board such Company books and records as they may request; and

(c) save for those powers granted to the JPLs by this order, the Board shall continue to manage the Company's affairs in all respects and exercise the powers conferred upon it by the Company's Memorandum of Association and Bye-laws, provided always that, should the JPLs consider at any time that the Board is not acting in the best interests of the Company, its policyholders, and its creditors, or any of them, the JPLs shall have the power to report same to this Court and seek such directions from this Court as appropriate.

6. The Company and the JPLs shall make reasonable best efforts to agree a protocol agreement which will govern how the JPLs and the Board will cooperate and manage the Company's affairs during the provisional liquidation.

7. The Company shall provide the JPLs with such information as the JPLs deem necessary to properly to discharge their functions under this Order and as officers of this Court.

8. The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs, charges, and expenses of those persons or firms employed by them, with such taxation to be on an attorney and own client basis with respect to leading counsel and attorneys and on an equivalent basis for all managers, accountants, and other persons.

9. The powers of the JPLs may be exercised jointly and severally.

10. The JPLs shall not be required to give security for their appointment.

11. The Company's costs on an attorney and own client basis of this application shall be taxed and paid out of the assets of the Company.

DATED this 21st day of October 2025

_____
CHIEF JUSTICE/ PUISNE JUDGE

IN THE SUPREME COURT OF BERMUDA

(COMMERCIAL COURT)

COMPANIES (WINDING UP)

2025: No. 270

IN THE MATTER OF FLEMING INTERNATIONAL REINSURANCE LTD.

AND IN THE MATTER OF THE COMPANIES ACT 1981

AND IN THE MATTER OF THE INSURANCE ACT 1978

---
### ORDER
---



Walkers (Bermuda) Limited
Park Place
55 Par-La-Ville Road
Hamilton HM 11
Bermuda
Tel: 441 242 1500
Ref: KT/TG/DL/A05104



6