**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> FLEMING INTERNATIONAL REINSURANCE LTD., <br><br> Debtor in Foreign Proceeding.[1] | Chapter 15 <br><br> Case No. 25-12353 (JPM) |

**DECLARATION OF DANIEL IMISON IN SUPPORT OF THE VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVES, AND (III) CERTAIN RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Daniel Imison, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this declaration (this "**Declaration**"). I am making this Declaration in accordance with section 1515 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2. I am one of three joint provisional liquidators of the above-captioned foreign debtor (the "**Debtor**"). The other joint provisional liquidators of the Debtor are Simon Appell, like me, of AlixPartners UK LLP ("**AlixPartners**") and Mathew Clingerman of Kroll Bermuda Limited ("**Kroll**") (each a "**JPL**," and together, with myself, the "**JPLs**").

3. I am a Managing Director of AlixPartners. I am a fellow of the Association of Chartered Certified Accountants. I have 27 years' experience dealing mainly with large cross-

---

[1] The Debtor is a Bermuda company registered with the Registrar of Companies in Bermuda. The Debtor's registration number is 41041. The Debtor has its registered office located at Clarendon House, 2 Church Street, Hamilton, HM11, Bermuda.

border restructurings, including financial and operational turnarounds, liquidity and cash management, schemes of arrangement, contingency planning, and court led restructurings.

4. On October 21, 2025, Mr. Appell, Mr. Clingerman, and I were appointed JPLs in the Debtor's liquidation proceeding under Part XIII of the Companies Act 1981 (as amended, the "**Bermuda Companies Act**"), pending before the Supreme Court of Bermuda (the "**Bermuda Court**"), Companies (Winding Up) Commercial Court (the "**Bermuda Proceeding**"). A copy of the order evidencing the appointment of the JPLs (the "**JPL Appointment Order**") is attached to the Debtor's official form petition filed concurrently herewith (the "**Chapter 15 Petition**") as Exhibit B thereto. The Verified Petition (defined below) seeks recognition of the Bermuda Proceeding under chapter 15 of the Bankruptcy Code.

5. The JPL Appointment Order appointed Mr. Appell, Mr. Clingerman, and me as the Debtor's duly authorized "foreign representatives" (as that term is defined in the Bankruptcy Code) (in such capacity, the "**Foreign Representatives**") and authorized us to, among other things, apply to any foreign court (wherever situated) for recognition of our appointment or in connection with any other proceedings to take advantage of any insolvency or bankruptcy protection that such foreign law, procedures, or proceedings may provide to the Debtor; authorized us to be the Debtor's authorized foreign representative for the purpose of chapter 15; and permitted us to seek recognition of the provisional liquidation or the appointment of the JPLs, or both, in any jurisdiction we consider necessary or appropriate, or both, and to make applications to the court of such jurisdiction for that purpose. *See* JPL Appointment Order ¶¶ 1 (h-i).

6. I submit this Declaration in support of (a) the Chapter 15 Petition for the Debtor; (b) the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of*

2

*Foreign Representatives, and (III) Certain Related Relief* (the "**Verified Petition**");[2] (c) the *Motion for Entry of Orders Granting (I) Emergency Ex Parte Relief and (II) Provisional Relief, Pursuant to Bankruptcy Code Section 1519;* and (d) the *Motion for Entry of an Order (I) Scheduling Recognition Hearing and (II) Specifying Form and Manner of Service of Notice of the Notice Documents and Other Documents Filed in the Chapter 15 Case*, each filed contemporaneously herewith.

7. Consistent with my recent appointment as a JPL, I have started to gain knowledge of the Debtor's history, day-to-day operations, assets, financial condition, business affairs, and books and records. I am over the age of 18 and, except as otherwise indicated, all facts set forth in this Declaration are based upon (a) my personal knowledge; (b) my review of relevant documents, including documents prepared or filed in connection with the Bermuda Proceeding and the above-captioned chapter 15 case (the "**Chapter 15 Case**"); (c) information supplied to me by the officers, directors, employees, or professionals retained by the Debtor; or (d) my experience and knowledge of the Debtor's assets and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

## BACKGROUND

### I. The Bermuda Proceeding

8. On October 17, 2025, the Debtor's board of directors resolved to present the Winding-Up Petition (defined below) to commence the Bermuda Proceeding.

9. On October 20, 2025, the Debtor commenced the Bermuda Proceeding by filing a winding-up petition (the "**Winding-Up Petition**") with the Bermuda Court.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

10. The Winding-Up Petition sought, among other things, the appointment of the JPLs as joint provisional liquidators of the Debtor with limited "light-touch" powers. The appointment of a provisional liquidator or the making of a winding-up order brings into effect an automatic statutory stay of actions and proceedings against the Debtor and its property in Bermuda to the extent provided for in Bermuda law during the pendency of the Bermuda Proceeding, with the effect that actions may not be commenced or continued against the Debtor without leave of the Bermuda Court and subject to such terms as the Bermuda Court may impose. Taylor Decl. ¶ 30.

11. On October 21, 2025, the Bermuda Court issued the JPL Appointment Order appointing Simon Appell, Mathew Clingerman, and me as the JPLs.

12. The JPL Appointment Order appointed the JPLs as the Debtor's authorized foreign representatives, including for the purpose of Chapter 15 under the Bankruptcy Code, and authorized the JPLs, if deemed necessary or appropriate, or both, to apply to any foreign court "for recognition of their appointment or in connection with any other proceedings to take advantage of any insolvency or bankruptcy protection that such foreign law, procedures, or proceedings may provide" to the Debtor. JPL Appointment Order ¶ 1(h).

13. The JPLs are administering the Bermuda Proceeding together with the Debtor for the purpose of developing a restructuring strategy that will benefit all stakeholders or to otherwise liquidate the Debtor.

## THE CHAPTER 15 CASE

14. As detailed in the Verified Petition, Mr. Appell, Mr. Clingerman, and I have commenced ancillary proceedings for the Debtor under chapter 15 of the Bankruptcy Code to obtain recognition of the Bermuda Proceeding and seek related relief. Mr. Appell, Mr. Clingerman, and I believe that the Chapter 15 Case will complement the Debtor's primary

4

proceeding in Bermuda to ensure the effective and economic administration of the Bermuda Proceeding and prevent adverse actions in the United States.

## I. The Debtor Is an Eligible "Debtor" Under Chapter 15 of the Bankruptcy Code.

15. Mr. Appell, Mr. Clingerman, and I have been informed by the Debtor's legal counsel that, for the purposes of a case under chapter 15, a "debtor" means an entity that is the subject of a foreign proceeding. The Debtor is incorporated under the laws of Bermuda. As set forth below and in the Taylor Declaration, I have been informed by the Debtor's legal counsel that the Bermuda Proceeding is a foreign proceeding as that term is defined in the Bankruptcy Code.

16. Moreover, we understand from the Debtor's legal counsel that the Second Circuit interprets Bankruptcy Code section 109(a) such that only a person that resides or has domicile, a place of business, *or has property* in the United States, or a municipality, may be a debtor under chapter 15. The Debtor has property in the United States. Specifically, among other things, I understand that the Debtor has at least a reversionary interest, which may be substantial, in multiple agreements with the Ceding Insurers as grantor (the "**Reinsurance Trust Agreements**"). In addition, certain of the Reinsurance Trust Agreements are governed by New York law, pursuant to which funds are held in the Trust Accounts in the United States. I understand that the Debtor may have equity value in all or substantially all of the trusts, which will revert to the Debtor under certain circumstances. Further, the Debtor also has an interest in certain funds deposited with Skadden as a retainer for its services in connection with the Chapter 15 Case, which funds are held in a client trust account in the United States. Accordingly, Mr. Appell, Mr. Clingerman, and I believe that the Debtor is an eligible "debtor" under chapter 15 of the Bankruptcy Code.

## II. The JPLs are "Foreign Representatives."

17. Mr. Appell, Mr. Clingerman, and I have been informed by the Debtor's U.S. legal advisors that a chapter 15 proceeding is commenced by the filing of a petition for recognition (and

5

related documents) by the "foreign representative." We are further informed that under Bankruptcy Code section 1516(a), a bankruptcy court may presume that the person petitioning for chapter 15 recognition is a foreign representative if the decision or certificate from the foreign court so indicates. We understand that "foreign representative" is defined in Bankruptcy Code section 101(24) to mean:

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

18. Mr. Appell, Mr. Clingerman, and I were appointed by the Bermuda Court as joint provisional liquidators of the Debtor and have been authorized by the Bermuda Court to, among other things, file for chapter 15 recognition. *See* JPL Appointment Order ¶ 1(h). Therefore, the Court may presume that the JPLs are duly authorized foreign representatives. In addition, as "individuals," the proposed Foreign Representatives are each a "person" under section 101(41) of the Bankruptcy Code. *See* 11 U.S.C. § 101(41).

19. In light of the statutory presumption embodied in Bankruptcy Code section 1516(a) noted above, the Bankruptcy Code's definition of "foreign representative" and the express provisions of the JPL Appointment Order, I believe that Mr. Appell, Mr. Clingerman, and I are foreign representatives of the Bermuda Proceeding.

**III.    The Chapter 15 Petition Is a Foreign Proceeding.**

20. I am informed by the Debtor's legal advisors that "foreign proceeding" is defined in Bankruptcy Code section 101(23) to mean:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

6

11 U.S.C. § 101(23).

21. I believe that the Bermuda Proceeding falls within the foregoing definition. As more fully explained in the Taylor Declaration filed contemporaneously herewith, I am advised that the Bermuda Proceeding is, among other things, (a) collective judicial and/or administrative proceedings, (b) in Bermuda, and (c) governed by the Bermuda statute applicable to insolvencies and debt restructurings, the Bermuda Companies Act. *See generally* Taylor Decl. ¶¶ 43-45. In the Bermuda Proceeding, the Debtor's assets and affairs are subject to the control or supervision of the Bermuda Court. The JPLs' powers are also subject to the control and supervision of the Bermuda Court. *See* Taylor Decl. ¶ 46.

**IV.    The Bermuda Proceeding Is a Foreign Main Proceeding.**

22. I am also informed by the Debtor's legal advisors that Bankruptcy Code section 1517(b)(1) provides that a foreign proceeding shall be recognized as a "foreign main proceeding," as such term is defined in Bankruptcy Code section 1502(4), if the foreign proceeding is pending in the country where the debtor has its "center of its main interests" ("**COMI**"). I am informed by the Debtor's legal counsel that COMI is not defined in chapter 15, but Bankruptcy Code section 1516(c) provides that "[i]n the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1517(c). Additionally, factors I understand are relevant in identifying a debtor's COMI, none of which on their own are determinative, include (a) the location of a debtor's headquarters; (b) the location of those persons or entities that actually manage a debtor; and (c) the location of a debtor's primary assets.

23. The Debtor is incorporated in Bermuda. Moreover, the Debtor has its registered office located at Clarendon House, 2 Church Street, Hamilton, HM11, Bermuda. Thus, I believe

7

that, based on its place of incorporation and location of its registered office, the COMI of the Debtor is Bermuda.

24.    As explained above, additional factors supporting COMI in Bermuda for the Debtor include:

(a)  **Headquarters.** The physical location of the Debtor's headquarters is at 19 Par-La-Ville Road, 2nd Floor, Hamilton, HM12, Bermuda.

(b)  **Location of Those Who Manage the Debtor.** Most of the Debtor's central administration, management, and control takes place in Bermuda. In particular, the management team is primarily in Bermuda, including the Debtor's Chief Executive Officer, Head of Merger and Acquisitions, Chief Accounting Officer, Chief Risk Officer, and ILS Operations and Compliance. Further, while the Debtor's board meetings are typically held telephonically, in-person board meetings are held in Bermuda. Mr. Appell, Mr. Clingerman, who resides in Bermuda, and I have monitored the Debtor's affairs since our appointment as JPLs, pursuant to the JPL Appointment Order.

(c)  **Location of the Debtor's Primary Assets.** Other than the interests (including any reversionary interests) held in collateral accounts in the United States, the primary unrestricted assets of the Debtor include cash amounts held in bank accounts held with The Bank of N.T. Butterfield & Son Limited in Bermuda. As noted in the Taylor Declaration, the situs of shares in a Bermuda company is at the registered office of the company at which its register of members is kept. The situs of shares in a Bermuda company is therefore Bermuda. Taylor Decl. ¶ 49.

(d)  **Presence in Bermuda Marketplace.** In addition to being a Bermuda-regulated entity, the Debtor has a presence in the Bermuda marketplace, including, but not limited to, the Debtor's registration with the Bermuda Monetary Authority as a reinsurer.

V.    **Alternatively, the Bermuda Proceeding is a Foreign Nonmain Proceeding.**

25.    In the event that the Court concludes that the Debtor's COMI is not Bermuda, the JPLs believe that the Court should recognize the Bermuda Proceeding as a foreign nonmain proceeding. The JPLs are informed by the Debtor's legal advisors that a foreign nonmain proceeding takes place in a jurisdiction that is not the entity's center of main interests but where it has an "establishment," defined as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. §§ 1502(2), (5).

26. As of the date of the filing of the Chapter 15 petition the Debtor had a place of business in Bermuda. Further, the JPLs have centralized the Debtor's insolvency activities in Bermuda. Specifically, as noted above, the JPLs have been monitoring the Debtor's affairs and evaluating and providing critical input on the Debtor's proposed liquidation, and have supported filings and applications to the Bermuda Court. Thus, it is evident the Debtor has an establishment in Bermuda.

27. Besides the JPLs, who report to and are supervised by the Bermuda Court, I understand that the Debtor has no foreign administrators and there are no other insolvency proceedings regarding the Debtor anywhere in the world.

**VI.    The Chapter 15 Petition Complies with Chapter 15 of the Bankruptcy Code.**

28. On the date hereof, in our capacities as Foreign Representatives, we caused to be filed the Chapter 15 Petition pursuant to Bankruptcy Code sections 1504 and 1515 commencing the Chapter 15 Case in the United States Bankruptcy Court for the Southern District of New York, seeking recognition of the Bermuda Proceeding as a "foreign main proceeding," as such term is defined in Bankruptcy Code section 1502(4), or in the alternative as a "foreign nonmain proceeding," as such term is defined in Bankruptcy Code section 1502(5), and seeking other necessary or appropriate relief in support of the Bermuda Proceeding.

29. The Chapter 15 Petition was accompanied by all fees, documents, and information that we are told by the Debtor's counsel are required by the Bankruptcy Code and the Bankruptcy Rules, including (a) a corporate ownership statement containing the information required by Bankruptcy Rule 7007.1; (b) a list containing (i) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtor, (ii) all parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of this Chapter 15 Case, and (iii) all entities against whom provisional relief is being sought under Bankruptcy Code

9

section 1519; (c) a statement identifying all foreign proceedings with respect to the Debtor that are known to the Foreign Representatives; and (d) a certified copy of the JPL Appointment Order.

30. Accordingly, I believe that recognition of the Bermuda Proceeding as a "foreign main proceeding" is consistent with the purpose of chapter 15.

## STATEMENT PURSUANT TO BANKRUPTCY CODE SECTION 1515

31. I am informed by the Debtor's legal advisors that Bankruptcy Code section 1515 provides, in pertinent part, as follows:

> (a) A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.
>
> (b) A petition for recognition shall be accompanied by—
>
>> (1) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;
>>
>> (2) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or
>>
>> (3) in the absence of evidence referred to in paragraphs 1) and 2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.
>
> (c) A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

11 U.S.C. § 1515(a)–(c).

32. As discussed above, I am advised that the JPL Appointment Order constitutes a decision of the Bermuda Court commencing the Bermuda Proceeding and appointing the JPLs as the foreign representatives. JPL Appointment Order ¶ 1(h), (i) (ordering that the JPLs have the power to "apply to any foreign court (wherever situated) for recognition for their appointment or in connection with any other proceedings to take advantage of any insolvency or bankruptcy protection that such foreign law, procedures, or proceedings may provide to the [Debtor]"; "seek

10

recognition of the provisional liquidation or the appointment of the JPLs, or both, in any jurisdiction the JPLs consider necessary or appropriate, or both, together with such other relief the JPLS may consider necessary or appropriate, or both, for the proper exercise of their functions within those jurisdictions and to make applications to the court(s) of such jurisdiction for that purpose").

33. Pursuant to Bankruptcy Code section 1515(c), I am aware of the definition of a "foreign proceeding" under Bankruptcy Code section 101(23), and, as set forth above, I believe that the Bermuda Proceeding is a "foreign proceeding" as defined therein. I am aware of no other foreign proceedings with respect to the Debtor.

### DISCLOSURE PURSUANT TO BANKRUPTCY RULE 1007(a)(4)

34. I am informed by the Debtor's legal advisors that Bankruptcy Rule 1007(a)(4) provides, as follows:

> In addition to the documents required under § 1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the Code.

Fed. R. Bankr. P. 1007(a)(4).

35. I am further informed by the Debtor's legal advisors that Bankruptcy Rule 7007.1 provides, in pertinent part, that a corporate ownership statement:

> identif[y] any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision.

Fed. R. Bankr. P. 7007.1.

11

**I.    Consolidated Corporate Ownership Statement**

36. In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(A), as further set forth in the Haller Declaration, the following is a corporate ownership statement of the Debtor, which identifies any corporation that directly or indirectly owns 10 percent or more of any class of the Debtor' equity interests:[3] Attached to the Chapter 15 Petitions as Schedule 1 to Exhibit A is an organizational chart reflecting all of the ownership interests of the Debtor and certain non-Debtor affiliates.

(a) The Debtor is the wholly owned subsidiary of Jaguar Holdings LLC ("**Jaguar**"), a limited liability company ("**LLC**") registered in Bermuda. Jaguar is itself the wholly owned subsidiary of Fleming Intermediate Holdings LLC ("**FIH**"), which is an LLC registered in the Cayman Islands.

(b) FIH is the wholly owned subsidiary of Fleming Reinsurance Holdings LLC, another Cayman entity ("**FRH**"), which is in turn the wholly owned subsidiary of ACP Risk Solutions LLC (formerly known as Fleming Holdings LLC) ("**ACPRS**"), another Cayman entity but which forms part of the Altamont Capital Partners group ("**ACP**").

(c) Fleming Holdings (Blocker) LLC ("**Blocker**"), a Delaware limited liability company, is the wholly owned subsidiary of FRH. Blocker owns Fleming Reinsurance Ltd., which is a Bermuda segregated accounts company organized under and pursuant to the Segregated Accounts Companies Act 2000 ("**Fleming Re**").

**II.    Persons or Bodies Authorized to Administer Foreign Proceedings of the Debtor**

37. As noted above, Mr. Appell, Mr. Clingerman, and I were appointed JPLs in the Bermuda Proceeding on October 21, 2025. In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), the JPLs shall maintain control of and be authorized to administer the Bermuda Proceeding. Our addresses are:

> Simon Appell and Daniel Imison
> Alix Partners UK LLP
> 6 New Street Square

---

[3] The Corporate Ownership Statement is further set forth in the Petition Form 401 for the Debtor, filed contemporaneously herewith.

>London, EC4A 3BF
>United Kingdom
>
>and
>
>Mathew Clingerman
>Kroll Bermuda Limited
>58 Par-La-Ville Road
>HM11, Hamilton, Bermuda

I am not aware of any other persons or bodies authorized to administer the Bermuda Proceeding on behalf of the Debtor.

### III.  Litigation Parties in the United States

38.  In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(A), as of the date of the Petition Date, the Debtor is not party to any litigation in the United States.

### IV.  Entities Against Whom Relief Is Being Sought Under Section 1519 of the Bankruptcy Code

39.  In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), as of the Petition Date, the Debtor is seeking relief under Bankruptcy Code section 1519 against the Ceding Insurers.

### III.  Statement Identifying All Foreign Proceedings with Respect to the Debtor that are Known to the Foreign Representatives

40.  In compliance with Bankruptcy Code section 1515(c), as of the Petition Date, the Debtor is not involved in any foreign proceedings other than the Bermuda Proceeding.

13

**WHEREFORE**, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  London, United Kingdom
        October 26, 2025

                                        */s/ Daniel Imison*
                                        Daniel Imison