**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> FLEMING INTERNATIONAL REINSURANCE LTD., <br><br> Debtor in Foreign Proceeding.[1] | Chapter 15 <br><br> Case No. 25-12353 (JPM) |

**TEMPORARY RESTRAINING ORDER AND ORDER**
**SHORTENING NOTICE OF MOTION SEEKING PROVISIONAL RELIEF**

Upon consideration of the emergency motion (the "**Motion**")[2] of the Foreign Representatives of the above-captioned Debtor, for entry of an order staying all entities from taking any and all action against or with respect to the Debtor and its property within the territorial jurisdiction of the United States to the full extent provided in section 362 of the Bankruptcy Code; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1410; and it appearing that no notice of the Motion with respect to its request for the relief sought and granted in this Order need be provided under the present urgent circumstances; and it appearing that the relief sought in the Motion and granted herein is necessary and beneficial to the Debtor; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtor is a Bermuda company registered with the Registrar of Companies in Bermuda. The Debtor's registration number is 41041. The Debtor has its registered office located at Clarendon House, 2 Church Street, Hamilton HM11, Bermuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Foreign Representatives have demonstrated a likelihood that the Bermuda Proceeding will be recognized as a foreign main proceeding pursuant to Bankruptcy Code sections 1502(4) and 1517(b)(1).

C. The Foreign Representatives have demonstrated that, in the absence of the Requested Relief, the Foreign Representatives, the Debtor, its creditors, and other parties-in-interest will suffer immediate and irreparable harm for which they will have no adequate remedy at law, and therefore it is necessary that the Court grant the relief requested without prior notice to parties-in-interest or their counsel.

D. The Foreign Representatives have demonstrated that the Requested Relief granted herein is urgently needed to protect the Debtor's assets and the interests of creditors pending determination of the Verified Petition for recognition, and will neither cause an undue hardship nor create any hardship to parties-in-interest that is not outweighed by the benefits of this Order to the Debtor's creditors and other parties-in-interest.

E. The interest of the public will be served by the Court's granting of the Requested Relief.

F.      The interests of creditors and other interested entities, including the Debtor, with respect to the relief granted hereby are sufficiently protected for purposes of Bankruptcy Code section 1522(a).

G.      The Requested Relief is in the best interests of the Debtor, its creditors, and other parties-in-interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court issues a temporary restraining order on the same terms as the stay under Bankruptcy Code section 362 with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the foregoing, such temporary restraining order enjoins all persons and entities, including, without limitation, and solely within the territorial jurisdiction of the United States, from:

(a)     execution against any of the Debtor's assets;

(a)     the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements, or otherwise against the Debtor in the United States;

(b)     taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtor or any of their property;

(c)     transferring, relinquishing, or disposing of any property of the Debtor to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the JPLs;

(d)     commencing or continuing an individual action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities; and

(e)     discontinuing, failing to honor, altering, interfering with, suspending, withdrawing, accelerating, repudiating, terminating, or ceasing to perform any right, renewal right, contract, agreement, license, or permit in favor of or held by the Debtor or in connection with any of the Debtor's property except with the written consent of the Debtor and the Foreign Representatives, or leave of the Bermuda Court or the Court, or unless such contract, agreement, or license expired by its own terms without acceleration or declaration of a default.

3

2.      All rights and remedies of any person or entity, including, without limitation, any Ceding Insurer and their affiliates, whether judicial or extrajudicial, statutory or non-statutory, against or in respect of the Debtor or the Foreign Representatives or affecting the Debtor's property within the territorial jurisdiction of the United States are hereby stayed and suspended except with the written consent of the Debtor and the Foreign Representatives, or leave of this Court; *provided* that nothing in this Order shall: (a) enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding; (b) empower the Debtor to carry on any business for which its is not lawfully entitled to carry on; or (c) exempt the Debtor from compliance with statutory or regulatory provisions relating to health, safety, or the environment.

3.      The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7065 are inapplicable to the relief sought and granted herein, and are waived.

4.      This Order is without prejudice to the rights of the Foreign Representatives to seek additional relief under applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code section 1519.  This Order is without prejudice to the right of any party in interest to seek relief from this Order in this Court upon due and sufficient notice to the Foreign Representatives and to the Debtor.

5.      Responses or objections to the relief requested in Motion with respect to the Provisional Relief Order must be made pursuant to the Bankruptcy Code, the Local Rules of this Court, and the Bankruptcy Rules, including, without limitation, Bankruptcy Rule 1011, in writing and setting forth the basis therefor.  Such responses must be filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, with a copy delivered to the Court's chambers, and served upon (i) the Debtor's counsel, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York

10001 (Attn: Robert D. Drain (robert.drain@skadden.com)) *and* 320 S. Canal Street, Chicago, Illinois 60606 (Attn: Justin M. Winerman (justin.winerman@skadden.com)) *and* Skadden, Arps, Slate, Meagher & Flom (UK) LLP, 22 Bishopsgate, London, EC2N 4BQ (Attn: Peter Newman (peter.newman@skadden.com) and Nicole Stephansen (nicole.stephansen@skadden.com)); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Mark Bruh (mark.bruh@usdoj.gov) and Annie Wells (annie.wells@usdoj.gov)), so as to be actually received on or before October 31, 2025 at 2:00 p.m. (Eastern Time). In the event that no response or objection is filed, the Court may consider the entry of the Provisional Relief Order without a hearing.

6. All parties-in-interest wishing to be heard with respect to the relief sought in the Motion with respect to the Provisional Relief Order shall come before the Honorable John P. Mastando III, United States Bankruptcy Judge, at 11:00 a.m. on November 4, 2025, at Courtroom No. 501, United States Bankruptcy Court, One Bowling Green, New York, New York 10004 (the "**Hearing**").

7. Notice of the entry of this Order and the supporting documents will be provided to: the Notice Parties annexed to the *Motion for Entry of an Order (I) Scheduling Recognition Hearing and (II) Specifying Form and Manner of Service of Notice of the Notice Documents and Other Documents Filed in the Chapter 15 Case*, filed contemporaneously herewith.

8. The Foreign Representatives are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York

October 27, 2025

                                      /s/ John P. Mastando III
                                      HONORABLE JOHN P. MASTANDO III
                                      UNITED STATES BANKRUPTCY JUDGE